*1207 OPINION.
Milliken :
The only question involved is whether petitioner is entitled to have depreciation computed on the unit-of-production basis rather than on the straight-line basis. Respondent has found that the equipment had a useful life of 10 years. Since 71 per cent of the oil in the reserve was extracted in the year 1920, the year here involved, it at once appears that the estimate of a 10-year life for the equipment bears no relation to the purpose for which the equipment was intended. Under respondent’s allowance, only 10 per cent of the depreciation is allocable to 71 per cent of the total contents of the reserve, while 90 per cent of such depreciation is allocable to 29 per cent of such contents. To put it another way, under respondent’s computation, petitioner’s allowance for depreciation will be effective in years in which the equipment is wholly out of use and at a time when he will be in receipt of no returns from his capital investment. In this proceeding, we have the total cost to petitioner of his share of the equipment and the amount of the salvage value thereof, the amount of oil in the reserve attributable to petitioner’s interest and the amount of extraction for the taxable year. This case falls within the rule laid down in Golconda Oil Co. v. Commissioner, 7 B. T. A. 955. Petitioner is entitled to have the depreciation computed upon the unit-of-production basis.
Judgment will be entered on 15 days’ notice, wnder Bule 50.